Valorie Ferrouillet (SBN 217249)
Email: vferrouillet@martin-martinllp.com
JoAnn Victor (SBN 121891)
Email: jvictor@martin-martinllp.com
MARTIN & MARTIN, LLP
3530 Wilshire Boulevard, Suite 1650
Los Angeles, California 90010
Telephone: (213) 388-4747
Facsimile: (213) 388-6655

**Attorneys for** Defendants WALMART ASSOCIATES, INC.
and WALMART STORES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA M. AMEZQUITA,<br><br>           Plaintiff,<br><br>    v.<br><br>WAL-MART ASSOCIATES, INC.,<br>WAL-MART STORES, INC.,<br>DOMINICK SANCHEZ, and DOES 1<br>through 100,<br><br>           Defendants. | CASE NO: VC066258<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]**<br><br>(Filed concurrently with Corporate Disclosure Statement, Civil Cover Sheet, Declaration of Valorie Ferrouillet in Support of Removal, Request for Judicial Notice, and Certification of Interested Parties.)<br><br>(Removed from Los Angeles County Superior Court, Case No. VC066258; Complaint filed April 21, 2017) |

**TO THE HONORABLE COURT HEREIN, PLAINTIFF, AND HER ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that Defendants WALMART ASSOCIATES, INC. and WALMART STORES, INC., (hereinafter "WALMART" or "Defendants") hereby remove the above-captioned action from the Superior Court of the State of

- 1 -

1  California for the County of Los Angeles to the United States District Court for the

2  Central District of California pursuant to 28 U.S.C §§ 1332(a), 1441 and 1446 based

3  upon complete diversity of the parties.  The removal of this action terminates all

4  proceedings in the Superior Court of California for the County of Los Angeles. 28

5  U.S.C. § 1446(d) Defendants remove this action based upon the following:

6  **STATUS OF PLEADINGS, PROCESS AND ORDERS**

7     1.     On April 21, 2017, Plaintiff Martha M. Amezquita ("Plaintiff") filed a

8  Complaint in the Los Angeles County Superior Court, styled *Martha M. Amezquita v.*

9  *Wal-Mart Associates, Inc., et al. and Does 1 through 100,* designated as Case No.

10  VC066258 (the "Complaint," See Exhibit "A" to Ferrouillet Decl.)

11     2.     On April 25, 2017, Plaintiff served upon Defendants a Summons and a

12  copy of the Complaint, Civil Cover Sheet, Notice of Case Management Conference

13  and ADR Packet.

14     3.     On June 13, 2017, Defendants filed a Demurrer and Motion to Strike

15  Plaintiff's Complaint with the Los Angeles County Superior Court.  (See Exhibit

16  "B").

17     4.     On September 1, 2017, Plaintiff filed a First Amended Complaint with

18  the Los Angeles County Superior Court.   (See Exhibit "C").

19     5.     On September 5, 2017, Plaintiff served a First Amended Complaint upon

20  Defendants via email.

21     6.     On October 5, 2017, Defendants filed a Demurrer and Motion to Strike

22  Plaintiff's First Amended Complaint with the Los Angeles County Superior Court.

23  (See Exhibit "D").

24     7.     On November 2, 2017, the Los Angeles County Superior Court Judge

25  Lori Ann Fournier issued a minute order partially granting Defendants' Demurrer to

26  Plaintiff's First Amended Complaint with fifteen days leave to amend.  (See Exhibit

27  "E").

28

- 2 -

8.     On November 30, 2017, Defendants Answered Plaintiff's First Amended Complaint with the Superior Court, as to the Walmart Defendants.  The individual Defendant had not yet been dismissed by the court.  (See Exhibit "F").

9.     At the December 4, 2017 Case Management Conference Los Angeles County Superior Court Judge Lori Ann Fournier issued a minute order disallowing any further amendments of Plaintiff's Complaint and dismissed the individual defendant, Dominick Sanchez, from the case, the only bar to diversity jurisdiction. (See Exhibit "G").

10.     By operation of law, the dismissal of the individual defendant, Dominick Sanchez – a citizen of the state of California, by the Court on December 4, 2017 allows Defendants to remove this case to federal court based upon complete diversity of the parties.

11.     Plaintiff's alleges, inter alia, wrongful termination, meal and break-time violations, overtime and termination pay violations, as well as an allegation of intimidation or the threat of intimidation for reporting of sexual harassment and for requesting time off to see her doctor.

12.     Plaintiff further alleges that she has suffered loss, damage and harm. Plaintiff seeks recovery of all damages, including economic damages, punitive damages and noneconomic damages, according to proof at the time of trial.

13.     The Complaint also names as defendants "DOES 1 through 100." Defendants are informed and believe, and on that basis allege, that none of the fictitiously named defendants have been identified or served with a Summons and Complaint (Ferrouillet Decl. ¶ 12).  As such, the fictitiously named defendants need not join or consent to removal.  (See 28 U.S.C. § 1446(b)(2)(A).)

/ / /

/ / /

- 3 -

## JURISDICTION AND VENUE

1.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2) and 1441(a) because this action was filed in the Superior Court of the State of California for the County of Los Angeles.

2.    As discussed below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and this action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b), because it is a civil action between citizens of different states and the amount in controversy likely exceeds $75,000, exclusive of interest and costs.

## I.    There Is Complete Diversity Between the Parties.

### A.    Plaintiff Is a Citizen of California.

3.    For diversity purposes, an individual is a citizen of the state in which he or she is domiciled. (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).)   Citizenship is determined at the time the lawsuit was filed. (*LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001).)

4.    Here, while plaintiff fails to allege her residency in California, plaintiff's complaint of employment discrimination declares under penalty of perjury that she resides in Rowland Heights, State of California. (Compl., Bates Exhibit "A", no. D-0087 – D0089.)  Plaintiff's residence is *prima facie* evidence of domicile. (*See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) [holding that residency can create a rebuttable presumption of domicile supporting diversity of citizenship]; *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) [holding that allegation in state court complaint of residency "create[s] a presumption of continuing residence in [state] and put[s] the burden of coming forward with contrary evidence on the party seeking to prove otherwise"].)

/ / /

- 4 -

1

2

**B.      Defendant Sam's West, Inc., a Delaware Corporation, Is a Citizen of Delaware, Not of California.**

3

4

5

5.      For diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." (28 U.S.C. § 1332(c)(1).)

6

7

8

6.      Plaintiff alleges in her Complaint that she was at all times an employee of Walmart. Defendant Walmart is a Delaware Corporation, headquartered in Bentonville, Arkansas.

9

10

11

12

13

14

7.      To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. (*Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010).) A corporation's principal place of business normally is the state in which it maintains its main headquarters. (*Id.*)

15

16

17

18

19

8.      The headquarters and corporate offices of Defendant are located in Bentonville, Arkansas, which is where its officers and directors perform the company's executive and administrative functions. Thus, Walmart's principal place of business is Arkansas, and Walmart, also is a citizen of Arkansas for diversity purposes.

20

21

9.      Based on the foregoing, Defendant WALMART is not a citizen of California for diversity purposes.

22

23

**C.      <u>The Citizenship of Doe Defendants Is Disregarded for Diversity Purposes</u>.**

24

25

26

10.     For purposes of removal, the citizenship of defendants sued under fictitious names is disregarded, and citizenship of only named defendants is considered. (28 U.S.C. § 1441(b)(1).)

27

28

- 5 -

11.     Defendants Does 1 through 100 are fictitious.  The Complaint does not state the identity or status of these fictitious defendants, nor does it state any specific allegation of wrongdoing against any fictitious defendants.  Pursuant to § 1441(b)(1), the citizenship of these fictitious defendants cannot destroy the diversity of citizenship between the parties and should be disregarded.  (*Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).)

## II.     The Amount in Controversy Exceeds $75,000.

12.     Plaintiff's Complaint does not specify the amount that she seeks to recover from Defendant in this action.  Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," and removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  (28 U.S.C. § 446(c)(2); *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).)

13.     In a decision by United States District Court, for the Central District of California, the Court affirmed that the removing party does not need to prove actual facts but rather need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." (*Sasso v. Noble Utah Long Beach, LLC*, 2015 U.S. Dist. LEXIS 25921 (C.D. Cal. March 3, 2015) (*citing Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554, 190 L. Ed. 2d 495 (2014).).  Moreover, Defendant need not submit evidence to support its notice of removal.  (*Dart Cherokee*, 135 S. Ct. at 553.).  Defendant need only plausibly allege that the amount in controversy exceeds $75,000. ((*Id.* ["The defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."])

14.     In measuring the amount in controversy, the Court must assume that the allegations of the complaint are true and that a jury will return a verdict in favor of the

- 6 -

1   plaintiff on all claims asserted in her complaint. (*Kenneth Rothschild Trust v. Morgan*
2   *Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).) The ultimate
3   inquiry is the amount that is put "in controversy" by the plaintiff's complaint, and not
4   how much, if anything, the defendant will actually owe. (*Rippee v. Boston Market*
5   *Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Schere v. Equitable Life*
6   *Assurance Soc'y of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) [recognizing
7   that the ultimate or provable amount of damages is not what is considered in the
8   removal analysis; rather, it is the amount put in controversy by the plaintiff's
9   complaint.]) In determining the amount in controversy, the Court may consider
10  damages awards in similar cases. (*Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th
11  Cir. 2005).)

12       15.    Although WALMART denies the validity and merit of Plaintiff's claims
13  and the underlying allegations, and further denies that Plaintiff is entitled to any relief,
14  Plaintiff's allegations establish an amount in controversy in excess of the
15  jurisdictional minimum of $75,000, exclusive of interest and costs, as set forth below:

### 1.    Lost Wages and Benefits

16       16.    Should Plaintiff prevail on her wrongful termination claim, she
17  potentially could recover lost wages and benefits through the date of trial. (Cal. Lab.
18  Code § 6310(b).)

17       17.    Plaintiff alleges she was paid an hourly wage of $15.12. (Compl. ¶ 6.)
Plaintiff has placed lost wages in controversy. If Plaintiff were to recover back wages
from April 21, 2017 to the present, she potentially could recover back wages totaling
approximately $21,772.80 ($15.12/hr. x 40 hrs. x 36 wks.). Moreover, if the case
proceeds to trial by the end of January 2019– a year from removal of this action – and
Plaintiff remains unemployed, **the amount in controversy for lost wages would be a**
**total of approximately 89 weeks, or about $53,872.20** ($15.12/hr. x 40 hrs. x 89
wks.). (*See James v. Childtime Childcare, Inc.*, No. S-06-2676, 2007 U.S. Dist.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LEXIS 43753, *4 n.1 (E.D. Cal. June 1, 2007) ["The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages."]. Thus, Plaintiff's lost earnings alone, **$75,600.00**, exceeds the required controversy amount threshold regardless of any future wages she may claim.

### 2.     Emotional Distress Damages

18.     Plaintiff alleges that, as a result of Defendants' alleged unlawful conduct, she has suffered, *inter alia*, severe emotional distress and shock. (Compl. ¶ 11, 53, prayer ¶ 2.)  Plaintiff's potential recovery of such damages further augments the foregoing amounts and demonstrates that the jurisdictional prerequisite for removal of this action is met. (*See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) [holding that emotional distress damages are included in determining amount in controversy].)

19.     Emotional distress damages may be considered in calculating the amount in controversy even if not such damages are not clearly pled in the complaint. (*Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002); *see also Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) [surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish"].)

20.     In *Kroske v. U.S. Bank Corp*, the Ninth Circuit found that the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous, where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." (*Kroske v. U.S. Bank Corp.* 432 F.3d at 976, 980 (9th Cir. 2005).)  Based on *Kroske*, Plaintiff's potential recovery

- 8 -

1  of emotional distress damages could add at least $25,000 to the amount in

2  controversy.

3  ### 3.   **Punitive Damages**

4      21.    Plaintiff also seeks an award of punitive damages. (Compl. ¶ 13, 33, 52

5  and *ad damnum clause* ¶ 5.).  Under California law, punitive damages may be

6  recovered "where it is proven by clear and convincing evidence that the defendant has

7  been guilty of oppression, fraud, or malice."  Cal. Civ. Code § 2394(a).  Punitive

8  damages also may be included in calculating the amount in controversy.  (*See, e.g.,*

9  *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir.

10  1963).)

11      22.    Plaintiff alleges that WALMART wrongfully terminated in violation of

12  public policy, and violated multiple sections of the California Labor Code.  Jury

13  verdicts in California cases involving similar factual allegations demonstrate that,

14  were Plaintiff to prove the allegations of the Complaint and prevail at trial, her

15  punitive damages could bring the amount in controversy to well over the $75,000

16  threshold.  In *McGee v. Tucoemas Federal Credit Union*, 153 Cal. App. 4th 1351

17  (2007), the plaintiff alleged that, after she had taken a leave of absence to undergo

18  treatment for breast cancer, her employer required her to return to work after four

19  months and told her that she would be fired if she needed more time.  When she

20  requested that she be permitted to work from home, her request was denied; upon

21  returning to work, she was demoted to a position that involved greater physical

22  demands.  The plaintiff resigned her position due to stress.  She then sued the

23  employer, alleging claims of disability discrimination, failure to provide a reasonable

24  accommodation, and failure to engage in the interactive process.  The jury returned a

25  verdict for the plaintiff and awarded her $1.2 million in punitive damages against the

26  employer.  The appellate court affirmed.

27

28

23.     Although WALMART disputes that Plaintiff is entitled to recover any amount in punitive damages, the *Roby* and *McGee* decisions illustrate that **the amount awarded in punitive damages could be at least $50,000.**

### 4.     Attorney's Fees

24.     Plaintiff's Complaint also includes claims for attorneys' fees. (Compl. ¶¶ passim.). Attorney's fees that are potentially recoverable by statute also are included in determining the amount in controversy. (*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).)

25.     The bulk of Plaintiff's Complaint alleges violations of the Labor Code, which authorizes an award of reasonable attorneys' fees to a prevailing plaintiff. Cal. Gov. Code § 12965(b). While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. (*Simmons*, 209 F. Supp. 2d at 1035 (noting that "attorney's fees in individual discrimination cases often exceed the damages").)

26.     Any estimate of attorney's fees includes fees over the life of the case, not just the fees incurred at the time of removal. (*Id.*) "Recent estimates for the number of hours expended through trial for employment cases in [the Central District of California] have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in a case alleging wrongful termination] may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)." (*Sasso v. Noble Utah Long Beach, LLC*, Case No. CV 14-09154-AB (AJWx), 2015 U.S. Dist. LEXIS 25921, at *12 (C.D. Cal. March 3, 2015) (emphasis added) (citations omitted).) **Thus, Plaintiff's demand for attorneys' fees adds at least $30,000 to the amount in controversy.  <u>All totaled, Plaintiff may recover over $180,000 if she prevails on her claims.  Thus, the amount in controversy is satisfied.</u>**

- 10 -

**COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

27.  A copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Los Angeles and served upon all adverse parties, as required by 28 U.S.C. § 1446(d), and an appropriate notice of compliance with 28 U.S.C. § 1446(d) also shall be served and filed in the above-entitled Court.

**CONCLUSION**

WHEREFORE, having fulfilled all statutory requirements, Defendants WAL-MART ASSOCIATES, INC. and WAL-MART STORES, INC. remove this action from the Superior Court of Los Angeles County, California, to this Court, and request that this Court assume full jurisdiction over this matter as provided by law.


DATED:  January 2, 2018                    Respectfully submitted,

                                           MARTIN & MARTIN, LLP


                                           By:  /s/ VALORIE FERROUILLET
                                           Valorie Ferrouillet
                                           JoAnn Victor
                                           Attorneys for Defendants,
                                           Wal-Mart Associates, Inc. and
                                           Wal-Mart Stores, Inc.

- 11 -

1

2   ☒   FEDERAL - I declare that I am employed in the office of a member of
the bar of this court at whose direction the service was made.

3

4   Executed on January 2, 2018, at Los Angeles, California.

5

6   Joni Scarlett

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 13 -

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT